FILED
2009 Nov-04 PM 04:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
BARRY MILLER, et al.,          }
                               }
     Plaintiffs,               }
                               }     CIVIL ACTION NO.
v.                             }     09-AR-1921-S
                               }
FORT DEARBORN LIFE INSURANCE   }
COMPANY,                       }
                               }
     Defendant.                }
```

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of plaintiffs Barry Miller ("Mr. Miller") and Frances Miller ("Mrs. Miller") (collectively "the Millers") to remand the above-styled action to the Circuit Court for Jefferson County, Alabama. For reasons hereinafter explained, the Millers' motion will be denied.

**Facts and Procedural History**

As an employee of Birmingham Wholesale Furniture, Mr. Miller is covered by an employer funded policy of disability insurance issued by Highmark Life Insurance Company ("Highmark"), the predecessor in interest to defendant, Fort Dearborn Life Insurance Company ("Fort Dearborn"), which assumed the obligations of Highmark. In February 2002, Mr. Miller was diagnosed with prostate cancer, and in 2008 he began receiving benefits under the disability policy, of which Fort Dearborn is the claims administrator as well as the insurer. In April 2009, Fort Dearborn began contacting Mr. Miller to urge him to pursue Social Security

benefits, which, if granted, would have entitled Fort Dearborn to reduce the benefits due to Mr. Miller under the policy.  Mr. Miller refused to apply for Social Security benefits, arguing that doing so would adversely affect his eligibility for health insurance through his employer.  Mr. Miller alleges that in July and August 2009 Fort Dearborn failed to make the disability payments to which Mr. Miller claims that he is entitled.

On August 26, 2009, the Millers filed their complaint in the Circuit Court of Jefferson County, Alabama.  In it the Millers assert several causes of action that they claim arise out of Fort Dearborn's alleged violation of Ala. Code §§ 27-19-2 and -4.  These statutes regulate disability insurance policies issued by insurers doing business in the State of Alabama.  In particular, these code sections require the inclusion of certain language in all policies of disability insurance issued in the state.  Fort Dearborn was properly served with a summons and the complaint on August 28, 2009.  On September 28, 2009, Fort Dearborn removed the action to this court, claiming that all of the Millers' claims are preempted by ERISA.  After this court set the question of its removal jurisdiction for hearing, the Millers filed a motion to remand the action to state court.  After a briefing schedule was entered, Fort Dearborn responded to the Millers' motion to remand on October 21, 2009.  The Millers were not required to reply, and did not do so.

**Discussion**

Under current Eleventh Circuit precedent, four elements must be established before state law causes of action will be held to be completely preempted by ERISA.  First, an ERISA plan must exist.  Second, a plaintiff must have standing to sue under the plan.  Third, a defendant must be an ERISA entity.  Finally, the complaint, in some part, must seek relief that is available under ERISA § 502(a).  *See Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999).  It is clear from the Millers' motion that the existence of elements one, two, and three are not contested.  Therefore, a discussion of these points is unnecessary.  The relevant inquiry here is whether the claims, in actuality, seek relief that could have been sought under ERISA § 502(a).

Section 502(a)(1)(B) provides: "A civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . ."  29 U.S.C. § 1132(a) (2006).  Thus, § 502(a)(1)(B) establishes a private right of action for wrongful denial of benefits.  Additionally, claims for breach of fiduciary duty are permitted by § 502(a)(2).  As the United States Supreme Court held in *Davila v. Aetna Health, Inc.*, 542 U.S. 200, 209 (2004), "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA

remedy exclusive and is therefore pre-empted." Therefore, state law claims for denial of benefits and/or breach of fiduciary duty are completely preempted by ERISA, giving federal courts original jurisdiction over such claims.

Additionally, as the Court noted in *Davila*, when a plaintiff "bring[s] suit only to rectify a wrongful denial of benefits promised under ERISA-regulated plans, and do[es] not attempt to remedy any violation of a legal duty **independent** of ERISA . . . [the] state causes of action fall 'within the scope of' ERISA, and are therefore completely pre-empted by ERISA § 502 and removable to federal district court." *Davila*, 542 U.S. at 214 (emphasis added). Distinguishing plaintiffs' claims, which the Court found to be completely preempted by ERISA, from the claims in *Caterpillar, Inc. v. Williams*, which the Court held not to be preempted by the Labor Management Relations Act ("LMRA"), a statute with equal preemptive force, the *Davila* Court noted: "unlike the state-law claims in *Caterpillar*, respondents' THCLA causes of action are **not entirely independent of the federally regulated contract itself**." *Id*. at 213 (emphasis added).

When a plaintiff pleads claims that are, in essence, nothing more than disguised complaints over a denial of benefits, the claims are completely preempted and thus removable under what this court and other courts have called "super duper preemption." It is only truly independent legal claims, those that do not depend upon

4

the ERISA regulated contract, that are saved from the overwhelming preemptive force of ERISA § 502(a).

Here, the Millers' benefits claims are completely preemtped. Counts one (1) and nine (9) are claims for bad faith failure to pay and for breach of fiduciary duty. Count seven (7) alleges that defendant has engaged in a "pattern of conduct designed to minimize disability payments which are otherwise due plaintiff and other insureds." (Comp. ¶ 25.) Counts one (1) and seven (7) are clearly claims for wrongful denial of benefits, claims that could have been brought under § 502(a)(1)(B). Likewise, the claim for breach of fiduciary duty in count nine (9) is explicitly authorized by ERISA § 502(a)(2). Thus, these three claims are clearly preempted.

Counts two (2) and four (4) are for intentional infliction of emotional distress and for the tort of outrage.[1] The conduct that plaintiffs allege was outrageous is defendant's denial of Mr. Miller's benefits. This claim is nothing more than an attempt to recover for a denial of benefits, yet another claim that could have been raised under § 502(a)(1)(B). Plaintiffs' claims here are not independent of the ERISA regulated contract because the claims would not exist but for defendant's denial of benefits. Similarly, counts three (3), five (5), six (6), and eight (8), which allege claims for bad faith, negligence, wantonness, and violation of the

---

[1] The tort of outrage "is the same cause of action as intentional infliction of emotional distress." *Thomas v. Williams*, --- So.2d ----, No. 2070512, 2008 WL 4952466, at *3 (Ala. Civ. App. Nov. 21, 2008) (citing *Harrelson v. R.J.*, 882 So. 2d 317, 321-22 (Ala. 2003)).

duty of good faith and fair dealing, respectively, are all preempted. Plaintiff's only real complaint in these counts is that defendant wrongfully denied benefits due to him under his ERISA regulated policy. Because no legal duty independent of the ERISA regulated contract is implicated, these claims are completely preempted. It is clear from reading the complaint that plaintiffs have no real complaint aside from their claim that Mr. Miller was wrongfully denied benefits under his disability insurance policy. Whether his basic claim can be stated nine different ways will not be addressed at this juncture.[2]

The Millers argue that under *Kentucky Association of Health Plans, Inc. v. Miller*, 538 U.S. 329 (2003), their claims are saved from preemption because they are based on statutes designed to regulate insurance. The Millers' reliance on *Miller* is misplaced for several reasons. First, while ERISA does contain a savings clause designed to except laws "of any State which regulate insurance" from its preemptive power, 29 U.S.C. § 1144(b)(2)(A) (2006), when those laws are invoked only as part of a claim for benefits § 502(a)'s preemptive power overcomes the saving power of ERISA § 514(b)(2)(A). Reaffirming its reasoning in *Pilot Life*

---

[2] Count ten of the complaint is against fictitious defendants, and is therefore disregarded for removal purposes. 28 U.S.C. § 1441(a) (2006); *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 n.4 (1996).

6

*Insurance Co. v. Dedeaux*, the *Davila* Court[3] held:

> ERISA § 514(b)(2)(A) must be interpreted in light of the congressional intent to create an exclusive federal remedy in ERISA § 502(a). Under ordinary principles of conflict pre-emption, then, even a state law that can arguably be characterized as "regulating insurance" will be pre-empted if it provides a separate vehicle to assert a claim for benefits outside of, or in addition to, ERISA's remedial scheme.

*Davila*, 542 U.S. at 217-18.  The defendant's alleged failure to include Alabama's required language in its policy may or may not be a factor in deciding whether Fort Dearborn's benefits denial decision was arbitrary and capricious.

*Miller* only addresses conflict preemption under ERISA § 514. Conflict preemption does not transform a state cause of action into one arising under federal law, thereby enabling removal.  Rather, conflict preemption provides an affirmative defense to defendants, requiring the dismissal of state law claims that "relate to" ERISA plans.  *See Butero*, 174 F.3d at 1212.  The *Miller* opinion dealt exclusively with the effect of ERISA's savings clause on claims that "relate to" ERISA plans.  The claims at issue in *Miller* were not based on a denial of benefits, but instead were claims by insurers against the Kentucky insurance commissioner seeking invalidation of certain insurance regulations.  The *Miller* court did not address the interplay of ERISA's savings clause and the

---

[3] As Fort Dearborn correctly points out in its brief, *Davila* is the United States Supreme Court's most recent pronouncement regarding the preemptive scope of ERISA § 502(a), and thus to the extent that there are any inconsistencies between it and *Miller*, *Davila* clearly controls.  (*See* Def.'s Br. in Opp'n, at 13.)

scope of § 502(a)'s preemptive power.  That issue was not before that court.

Finally, the Millers' argument that their claims are saved from preemption because they are based on defendant's alleged violation of Alabama insurance law is further undercut by the fact that §§ 27-19-2 and -4 do not create a private right of action. There are no reported cases from any court in Alabama, federal or state, discussing **any** section of title 27, chapter 19 of the Alabama Code in the context of a private right of action.  Further, as the Alabama Supreme Court has recognized, "[t]he Insurance Code explicitly provides in § 27-11-4 that the insurance commissioner has the authority to bring an action against any insurer he believes is violating the Insurance Code," and "an individual may demand a hearing before the commissioner to requite alleged violations of the Insurance Code."  *Am. Auto Ins. Co. v. McDonald*, 812 So. 2d 309, 311-12 (Ala. 2001).  The court went on to note that "[n]othing in the Insurance Code suggests that the Legislature intended to create a private right of action against one who violates § 27-3-27 by selling insurance without a license." *Id.* at 312.  Similarly, nothing in the Insurance Code suggests that the Alabama Legislature intended to create a private right of action against insurers who violate §§ 27-19-2 and -4.  Ultimately the Alabama Supreme Court held that no private right of action exists for violations of any section of the Alabama Insurance Code.  *See*

*id.* at 311 ("**According to Enterprise and AAIC, an individual does not have a private right of action for a violation of the Alabama Insurance Code** . . . . Consequently, Enterprise and AAIC argue that McDonald cannot prove a set of facts that would entitle him to the relief he seeks. **We agree**." (emphasis added)). If the Millers truly believe that the Supreme Court of Alabama would hold that the Alabama insurance statutes that they rely upon create a private cause of action, they can ask this court to certify the questions to that court and this court will give their request serious consideration. Unless the Millers admit that they are wholly dependent upon these state statutes for any and all relief to which they may be entitled, a certification to the Supreme Court of Alabama would be quixotic.

## Conclusion

At the core, the Millers' state law claims are actually claims for denied benefits, regardless of how they have been pled. Therefore, they are completely preempted by ERISA § 502(a)'s civil enforcement provisions and arise under federal law, making them properly removable under 28 U.S.C. § 1441. Accordingly, the Millers' motion to remand is hereby **DENIED**.

DONE this 4th day of November, 2009.

/s/ William M. Acker, Jr.
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE